FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 18, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARL GRANDO,<br><br>                Plaintiff,<br><br>v.<br><br>LAUREL HOLLAND,<br><br>                Defendant. | NO. 4:25-CV-5038-TOR<br><br>ORDER DENYING MOTION FOR DEFAULT AND DISMISSING COMPLAINT |

BEFORE THE COURT is Plaintiff's Motion for Default (ECF No. 7). The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Default is **DENIED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice**.

## BACKGROUND

Plaintiff proceeding *pro se* filed this action on March 26, 2025, alleging that his son Cliff Grando's constitutional right to due process under the Fourteenth Amendment was violated when he was wrongfully convicted of communicating with a minor for immoral purposes in Benton County Superior Court. ECF Nos. 1

ORDER DENYING MOTION FOR DEFAULT AND DISMISSING COMPLAINT ~ 1

at 7, 1-1 at 77. Plaintiff alleges that the prosecuting attorney in his son's case, Defendant Laurel Holland, committed criminal activity including entrapment, conspiracy, and obstruction to achieve a conviction of Plaintiff's son. ECF No. 4 at 1. Plaintiff requests relief in the form of overturning his son's state court convictions, removing his son's ten-year sex registration requirement, and sealing and removing harmful information from the internet. ECF No. 1 at 7.

Plaintiff filed proof of service with the Court stating he personally served Defendant on March 26, 2025. ECF No. 3. Plaintiff now moves for default judgment arguing Defendant has yet to answer his complaint or provide any correspondence to Plaintiff since the date of service. ECF Nos. 7, 5.

## DISCUSSION

The Court denies Plaintiff's motion for default judgment and must dismiss his complaint for lack of subject matter jurisdiction on the ground that Plaintiff has not plead facts showing he has standing to prosecute this action. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing.").

"Article III of the Constitution confines the jurisdiction of the federal courts to actual Cases and Controversies, and . . . the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Clinton v. City of New York*, 524 U.S. 417, 429-30 (1998) (internal

ORDER DENYING MOTION FOR DEFAULT AND DISMISSING COMPLAINT ~ 2

1    quotations omitted).  To establish Article III standing, a plaintiff must show (1) he

2    has suffered an injury in fact that is "concrete and particularized" and "actual or

3    imminent, not conjectural or hypothetical," (2) the injury is fairly traceable to the

4    alleged wrongful conduct of the defendant, and (3) the injury is redressable by a

5    court.  *Luhan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

6         "As a general rule, a third party does not [have] standing to bring a claim

7    asserting a violation of someone else's rights." *Martin v. Cal. Dep't of Veterans*

8    *Affairs,* 560 F.3d 1042, 1050 (9th Cir. 2009) (citation omitted); *Powers v.*

9    *Ohio,* 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his

10   or her own legal rights and interests, and cannot rest a claim to relief on the legal

11   rights or interests of third parties.").  However, third-party standing may be

12   established where a plaintiff has "a concrete interest in the outcome of the

13   dispute," has a "close relationship with the party whose rights [the plaintiff] is

14   asserting," and there exists "some hindrance to the third party's ability to protect

15   his or her own interests." *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*, 24

16   F.3d 56, 62 (9th Cir. 1994) (internal quotations omitted).

17        Plaintiff has not demonstrated that any of the criterion to establish third-

18   party standing have been met here.  Plaintiff only makes allegations of

19   constitutional injury to his son and does not appear to have any concrete interest in

20   the outcome of the case.  Nor does Plaintiff present any facts or argument on how

ORDER DENYING MOTION FOR DEFAULT AND DISMISSING
COMPLAINT ~ 3

Case 4:25-cv-05038-TOR    ECF No. 8    filed 08/18/25    PageID.114    Page 4 of 4

his son is hindered from protecting his own interests.  Therefore, Plaintiff does not have standing to bring this action, and his complaint must be dismissed for lack of subject matter jurisdiction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default (ECF No. 7) is **DENIED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED without prejudice**.

The District Court Executive is directed to enter this Order, furnish copies to Plaintiff, and **CLOSE** the file.

DATED August 18, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR DEFAULT AND DISMISSING COMPLAINT ~ 4